UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JUNG HUI HWANG <br> A/K/A JUNG HUI YOON <br> 4220 Zircon Drive <br> Stone Ridge, Virginia 20105 <br><br> *Individually and on Behalf of All Others Similarly Situated*, <br><br> Plaintiff, <br> v. <br><br> YOUNGS HEALTHCARE, INC. <br> 7018-5A Evergreen Court <br> Annandale, Virginia 22003 <br><br> SERVE:  **Registered Agent:** <br> Young Shin Lee <br> 4215 Evergreen Lane <br> Annandale, Virginia 22003 <br><br> and <br><br> YOUNG SHIN LEE <br> 4215 Evergreen Lane <br> Annandale, Virginia 22003 <br><br> Defendants. | Civil Action No.: |

## PLAINTIFF'S COLLECTIVE ACTION COMPLAINT

Plaintiff Yung Hui Hwang a/k/a Jung Hui Yoon ("Plaintiff"), individually and on behalf of all others similarly situated, brings this action against Youngs Healthcare, Inc. ("YHC") and Young Shin Lee (together, "Lee") (collectively, "Defendants"), for damages and other relief relating to violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). Plaintiff states the following as his claims against Defendants:

## OVERVIEW

1. Plaintiff brings claims to recover unpaid overtime compensation under the FLSA. She brings these claims on her own behalf, and as a collective action on behalf of all current or former similarly situated home health aides and/or personal care assistants, who may choose to opt in to this action under 29 U.S.C. § 216(b).

2. As described below, Defendants failed to pay Plaintiff and those similarly situated 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek. By doing so, Defendants have violated the FLSA.

## THE PARTIES

3. Plaintiff is an adult resident of the Commonwealth of Virginia of Virginia.

4. Plaintiff was employed by Defendants as a Home Health Aide ("HHA") and/or Personal Care Assistant ("PCA") during the period of about 2012 through about May 2017.

5. By acting as the named Plaintiff in this FLSA collective action, and filing this Collective Action on behalf of herself and others similarly situated, Plaintiff does hereby affirm her consent, in writing, to be a Plaintiff in a Collective Action seeking unpaid wages and statutory damages on behalf of himself and others similarly situated.

6. Plaintiff and those similarly situated are or were employees of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

7. YHC is a Virginia corporation with its principal place of business in Annandale, Virginia.

8. YHC is a home health care agency that provides in-home health care services and related personal care assistant services for children and adults primarily in the Commonwealth of Virginia.

9. YHC is or has been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. § 203(s)(1), and, upon information and belief, has had an annual gross volume of sales made or business done of not less than $500,000.00 at all relevant times.

10. At all times relevant, Lee held a substantial ownership and financial interest in YHC and its business operations.

11. At all times relevant, Lee was the senior officers and managers of YHC and had substantial control to make business decisions affecting YHC's business operations and the employees working for YHC.

12. At all times relevant, Lee oversaw, directed, and controlled YHC's employee's work schedules and working hours.

13. At all times relevant, Lee set and had the power to change YHC's employee's rate and method of pay.

14. Lee participated substantially in the decision to not pay YHC's HHA/PCA employees at the FLSA required time-and-one-half rate for overtime hours employees worked over forty (40) each week.

15. At all times relevant, Lee oversaw the maintenance all employee records for all YHC employees.

16. At all relevevant times, YHC and Lee each qualified as "employers" of and for Plaintiff and those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203(d).

17. Plaintiff, and all those similarly situated, are or were individual employees engaged in commerce or in the production of goods or services for commerce. 29 U.S.C. § 207.

## JURISDICTION & VENUE

18. This Court has subject matter jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, because Plaintiff's claims arise under the Fair Labor Standards Act.

19. This Court has personal jurisdiction over Defendants because Defendants regularly conduct business in the geographic region of the Eastern District of Virginia.

20. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because Defendants reside within this District, and under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District.

## FACTUAL ALLEGATIONS

21. Plaintiff and those similarly situated work or worked for Defendants as HHA/PCAs to provide companionship and related in-home care services for Defendants' clients.

22. Defendants knowingly suffered and permitted Plaintiff and those similarly situated to regularly work more than forty (40) hours in workweeks.

23. During his employment with Defendants, Plaintiff regularly and customarily worked approximately sixty (60) or more hours per week.

24. At all times, Defendants had actual knowledge of all hours Plaintiff and those similarly situated worked because Plaintiff and those similarly situated submit weekly time sheets to Defendants' offices and Defendants affirm the accuracy of these records and submit the same records to the Federal Government and other third parties for payment and/or reimbursement.

25. Plaintiff and those similarly situated were not compensated in accordance with the FLSA because they were not paid proper overtime wages and the required time-and-one-half rate for all hours worked more than forty (40) per workweek.

26. Specifically, rather than paying them 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek, which is required by the FLSA, Defendants paid Plaintiff and those similarly situated only "straight time" (at their regular hourly rates) for overtime worked over forty (40) hours per week. *See* 29 U.S.C. § 207.

27. At all times during Plaintiff's period of employment, Defendants had actual knowledge of the FLSA time-and-one-half overtime requirement.

28. At all times during Plaintiff's period of employment, Defendants posted and displayed a Department of Labor posters at Defendants' place of business explicitly stating that non-exempt employees are entitled to time-and-one-half overtime compensation for overtime hours worked more than forty (40) per week.

29. Defendants had actual knowledge their failure to pay Plaintiff and those similarly situated at the FLSA required time-and-one-half rate for overtime hours worked more than (40) per week constituted a direct violation of the FLSA overtime pay requirement.

## COLLECTIVE ACTION ALLEGATIONS

30. Plaintiff brings this action individually and on behalf and all similarly situated individuals.

31. Plaintiff seeks certification of the following FLSA collective:

> All current or former Home Health Aides, Personal Care Assistances, or other similar job titles, who work or have worked for Defendants or any predecessor for which Defendants are legal successors and/or legal successors of Defendants and, at any time during the three (3) years prior to the filing of this Complaint through the entry of judgment, worked more than forty (40) hours in a week and (2) were not paid by Defendants at the time-and-one-half rate for overtime hours worked more than forty (40) hours in that week (the "FLSA Collective").

32. Pursuant to the FLSA, 29 U.S.C. § 207, employers are generally required to pay overtime compensation at a rate of 1.5 times an employee's regular rate of pay for hours worked over forty (40) in a workweek.

33. The FLSA contains an exemption from overtime for "domestic workers" who provide companionship and other services to individuals who were unable to care for themselves, and also contains an exemption for live in domestic service workers. *See* 29 U.S.C. §§ 213(b)(21) and 213(a)(15).

34. In October 2013, the United States Department of Labor determined that these exemptions do not apply to domestic-service workers employed by third-party agencies or employers.

35. Beginning on January 1, 2015, the regulations provide that domestic-service workers employed by third-party agencies or employers are not exempt from the FLSA's minimum wage and overtime requirements. 29 C.F.R. § 552.109(a).

36. As of January 1, 2015, all domestic-service workers employed by third-party agencies or employers are entitled to overtime compensation at an hourly rate of 1.5 times the employee's regular rate of pay for hours worked over forty (40) in a work week.

37. Since January 1, 2015, Plaintiff and those similarly situated have worked more than forty (40) hours per workweek for Defendants without receiving proper overtime compensation for their overtime hours worked.

38. Because of Defendants' failure to pay Plaintiff and those similarly situated the overtime compensation required by law, Defendants have violated the provisions of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2).

39. Defendants knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay Plaintiff and the FLSA Collective proper overtime compensation for all hours worked over forty (40).

## CAUSE OF ACTION

### UNPAID OVERTIME WAGES
### FAIR LABOR STANDARDS ACT – 29 U.S.C. § 201, *et seq.*
On Behalf of Plaintiff and the FLSA Collective

40. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

41. The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees 1.5 times the regular rate of pay for all hours worked over forty (40) hours per workweek.

42. Defendants suffered and permitted Plaintiff and those similarly situated to routinely work more than forty (40) hours in a workweek without proper overtime compensation as required by the FLSA, 29 U.S.C. § 201 *et seq.* and its implementing regulations.

43. Defendants knew, or showed reckless disregard for the fact, that it failed to pay these individuals proper overtime compensation in violation of the FLSA.

44. Defendants' failure to comply with the FLSA overtime protections caused Plaintiff and those similarly situated to suffer loss of wages and interest thereon.

45. Plaintiff and those similarly situated are entitled to unpaid overtime, liquidated damages, and attorney's fees and costs under the FLSA.

## RELIEF SOUGHT

**WHEREFORE**, Plaintiff, individually and on behalf of those similarly situated, prays for relief as follows:

A. Permitting this case to proceed as a collective action under § 216(b) of the FLSA and ordering notice to the putative plaintiffs at the earliest opportunity to ensure their claims are not lost to the FLSA statute of limitations;

B. Judgment against Defendants, jointly and severally, for violation of the overtime provisions of the FLSA;

C. Judgment that Defendants' violations of the FLSA were willful;

D. An award to Plaintiff and those similarly situated in the amount of unpaid overtime wages and liquidated damages;

E. An award of any pre- and post-judgment interest;

F. An award of reasonable attorneys' fees and costs to be determined by post-trial petition;

G. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

H. Such further relief as may be necessary and appropriate.

Dated: July 11, 2019

Respectfully Submitted:

/s/ Gregg C. Greenberg
Gregg C. Greenberg, VA Bar No. 79610
ggreenberg@zagfirm.com
ZIPIN, AMSTER & GREENBERG
8757 Georgia Ave., Suite 400
Silver Spring, MD 20910
Telephone: (301) 587-9373
Facsimile: (240) 839-9142

*Counsel for Plaintiff and the FLSA Collective*